O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA T. WOOLRIDGE,<br><br>    Petitioner,<br><br> v.<br><br>WARDEN AREF FAKHOURY,<br><br>    Respondent. | NO. EDCV 12-62-R (MAN)<br><br>ORDER: DISMISSING PETITION WITHOUT PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY |

On January 12, 2012, Petitioner, a California prisoner, filed a habeas petition pursuant to 28 U.S.C. § 2254 ("Petition"). Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears that the claim raised in the Petition is not cognizable and could not state a basis for federal habeas relief even if amendment were allowed. Therefore, the Petition must be dismissed.

**BACKGROUND**

The instant Petition is Petitioner's fifth Section 2254 petition filed in this Court stemming from his 2005 state court conviction and sentence (the "Conviction"). On November 9, 2007, Petitioner filed a habeas petition that was assigned Case No. EDCV 07-1482-R (MAN) (the "First Action"). On September 10, 2008, Petitioner filed a second Section 2254 habeas petition stemming from the Conviction, which was assigned Case No. EDCV 08-1237-R (MAN). The second petition raised two claims attacking a restitution fine imposed in connection with the Conviction. On November 24, 2008, the Court ordered that the second petition be construed as a motion to amend the First Action Petition, and the separate second petition action was dismissed. On April 9, 2009, Petitioner submitted a third Section 2254 petition stemming from the Conviction, which alleged five claims. The third petition also was construed as a motion to amend the First Action petition. Accordingly, as so amended, the First Action petition was deemed to include all 16 claims alleged in the three Section 2254 petitions submitted by Petitioner arising from the Conviction.

The First Action was resolved on the merits, and habeas relief was denied by Judgment entered on May 18, 2010. Petitioner appealed to the United States Court of Appeals for the Ninth Circuit, and a certificate of appealability was denied on July 30, 2010 (Case No. 10-56078).[1]

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the files for Petitioner's cases in this district, as well as the dockets for the Ninth Circuit available electronically through the PACER system.

On May 11, 2011, Petitioner filed a fourth Section 2254 petition in this district, in which he alleged a single instructional error claim. *See* petition filed in Case No. CV 11-752-R (MAN).  On May 24, 2011, Judgment was entered dismissing the 11-752 action without prejudice, on the ground that the petition was second or successive.  Petitioner did not appeal.

**PETITIONER'S HABEAS CLAIM**

Petitioner alleges that, after he was convicted and sentence was imposed, the California Legislature modified a statute pertaining to both pre-sentence and post-sentence custody credits, *i.e.*, California Penal Code § 4109.  He contends that he is entitled to a retroactive application of that amended statute, so as to alter the custody credits determination made in 2005, when he was sentenced.  Petitioner labels the failure to apply the statute retroactively to him a federal due process violation.  (Petition at 5.)

**DISCUSSION**

It is well-settled that federal habeas relief is available only to state prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241, 2254; *see also* Estelle v. McGuire, 502 U.S. 62, 68, 112 S. Ct. 475, 480 (1991)(same); Smith v. Phillips, 455 U.S. 209, 221, 102 S. Ct. 940, 948 (1982)(federal habeas courts "may intervene only to correct wrongs of constitutional dimension").  Absent an independent federal constitutional violation, "it is not the province of a federal habeas

3

court to re-examine state-court determinations on state-law questions." Estelle, 502 U.S. at 68, 112 S. Ct. at 480; Little v. Crawford, 449 F.3d 1075, 1083 n.6 (9th Cir. 2006)(observing that a showing of a possible "'variance with the state law'" does not constitute a federal question, and that federal courts "'cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question'"; citation omitted); Bonin v. Calderon, 59 F.3d 815, 841 (9th Cir. 1995)(violation of a "state law right does not warrant habeas corpus relief").

Generally, a challenge to a state court's application of state sentencing laws does not create a federal question cognizable on federal habeas review. *See, e.g.,* Lewis v. Jeffers, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102 (1990); Campbell v. Blodgett, 997 F.2d 512, 522-24 (9th Cir. 1992)("As the Supreme Court has stated time and again, federal habeas corpus relief does not lie for errors of state law."); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994); *see also* Cacoperdo v. Demosthenes, 37 F.3d 504, 506 (9th Cir. 1994)(petitioner's claim that the state court erred in imposing consecutive sentences was not cognizable in federal habeas); Hendricks v. Zenon, 993 F.2d 664, 674 (9th Cir. 1993)(defendant's claim that state court was required to merge his convictions was not cognizable). To state a cognizable federal habeas claim based on an alleged sentencing error by a state court, a habeas petitioner must show that the asserted sentencing error was "'so

arbitrary or capricious as to constitute an independent due process'" violation. Richmond v. Lewis, 506 U.S. 40, 50, 113 S. Ct. 528, 536 (1992)(citation omitted).

Petitioner's entitlement to a retroactive application of California Penal Code § 4109 is unclear at this time. Even the most cursory research reveals that the California Courts of Appeal have wrestled with this issue and have reached contradictory conclusions. For example, last month, the Second Appellate District of the California Court of Appeal (the district in which Petitioner was convicted) opined that the amended version of Section 4109 may not be applied retroactively to California prisoners, such as Petitioner, whose convictions were final when the amendment took effect. *See* People v. Florez, 2011 WL 6276122 (Cal. App. 2 Dist. Dec. 16, 2011).[2] More recently, the Fourth Appellate District found the amended version of Section 4109 to be retroactively applicable. *See* People v. Hirk, 2012 WL 12869 (Cal. App. 4 Dist. Jan. 4, 2012). The California Supreme Court has granted review in numerous cases involving the issue of the retroactive applicability of the amendment to Section 4109. *See* Hirk, 2012 WL 12869, at *3 ("The California Supreme Court has granted review of the issue and will have the final say on the matter.")(citing ten cases in which review has been granted); Florez, 2011 WL 6276122, at *2 n.2 ("California courts are divided on the retroactive application of the . . . amendment and the issue is now before the Supreme Court.")(citing cases in which review

---

[2] Under California Rule of Court 8.1115, the Florez decision and the other California decision cited herein are not citable in the California courts, because they are unpublished. The Court cites them not for precedential value but, rather, simply to provide examples of the conflicting opinions that exist at this time.

has been granted). Thus, Petitioner's asserted right to have the amended version of Section 4109 applied to amend retroactively his 2005 custody credits determination is an open question under California law.

The Court has construed the Petition as liberally as possible. Having done so, it is evident that the Petition's allegations set forth only a claim of state law error and do not state any cognizable basis for federal habeas relief. Petitioner claims to be entitled to the benefit of a state law that may be found not to apply to him. Any right Petitioner may have to a retroactive application of Section 4109 is an issue still to be resolved by the California Supreme Court. This Court cannot render an opinion on this state law issue, much less determine how California law should be resolved on this open question of California sentencing law. Federal habeas review does not exist to supplant the state courts' power to interpret state law.

Given that the question of whether Section 4109 may be applied retroactively to California prisoners is the subject of contradictory state court opinions and is now pending before the California Supreme Court, the denial to Petitioner of a retroactive application of the statute cannot be found to be erroneous, arbitrary, capricious, or fundamentally unfair, nor does it implicate any federal constitutional concern. Petitioner's attempt to create a federal claim -- by labeling this purely state law issue as a "due process" violation -- necessarily fails. *See* Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997)(a petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process," and "alleged errors in the application of state law are not cognizable in federal habeas

1 corpus" proceedings).

2

3      The Petition, on its face, shows that Petitioner is not entitled to
4 relief, and thus, summary dismissal is required pursuant to Rule 4.
5 Accordingly, IT IS ORDERED that:  the Petition is dismissed, without
6 prejudice; and Judgment shall be entered dismissing this action without
7 prejudice.

8

9      In addition, pursuant to Rule 11(a) of the Rules Governing Section
10 2254 Cases in the United States District Courts, the Court has
11 considered whether a certificate of appealability is warranted in this
12 case.  *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-
13 85, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a
14 certificate of appealability is unwarranted, and thus, a certificate of
15 appealability is DENIED.

16

17 DATED: Jan. 23, 2012   .

18                                             _____
                                                      MANUEL L. REAL
19                                           UNITED STATES DISTRICT JUDGE

20

21 PRESENTED BY:

22
    _____
23       MARGARET A. NAGLE
24 UNITED STATES MAGISTRATE JUDGE

25

26

27

28